John C. SHAFFER

v.

SEAS SHIPPING COMPANY, Inc.

No. 123 of 1954.

United States District Court,
E. D. Pennsylvania.

Oct. 6, 1954.

☜11(6)

Stark and Goldstein, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

KIRKPATRICK, Chief Judge.

Based entirely upon the libellant's answers to the requests for admissions and interrogatories, which appear to be the only things that I can consider on these motions, it would seem a proper finding that the libellant's physical condition, on or shortly after his discharge as fit for duty on July 6, had reached a point of stabilization. Even if he has continued to suffer pain and inconvenience in the performance of his work, it would not entitle him to cure and maintenance until he produces some evidence that his condition can be improved by medical or surgical attention. In such case he would be entitled to the cost of such attention, including an operation, if it appears that the operation is reasonably necessary and has a prospect of improving his condition. So far as maintenance is concerned, it appears that the libellant has worked rather steadily ever since he left the hospital, and it does not appear that he was compelled, by reason of his injury, to turn down or give up any job available to him. It would seem, therefore, that he would not be entitled to anything for maintenance nor anything for cure as stated above. Perhaps it is unnecessary to discuss maintenance and cure separately, inasmuch as a fully stabilized condition, with nothing more, would defeat both claims, but the result, no matter how arrived at, is the same.

The respondent's motion for judgment is granted.

The libellant's motion for judgment is denied.